UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY ADAMS,

                        Plaintiff,

                v.

ANTHONY ANNUCCI AND ANN MARIE
T. SULLIVAN,

                        Defendants.

No. 17-CV-3794 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

        Pro se Plaintiff Jerry Adams ("Plaintiff") brought an Action, pursuant to 42 U.S.C.

§ 1983, against Acting Commissioner of the New York Department of Corrections

and Community Supervision ("DOCCS") Anthony Annucci ("Annucci," or "Commissioner")

and Commissioner of the New York State Office of Mental Health ("OMH") Ann Marie T.

Sullivan ("Sullivan"; with Annucci, "Defendants").  (Am. Compl. (Dkt. No. 36).)  In his

Amended Complaint, Plaintiff alleges that Defendants violated his rights under the Fifth, Eighth,

and Fourteenth Amendments of the United States Constitution by requiring him to participate in

a treatment program and imposing certain sanctions, including the revocation of good time

credits, when he failed to participate in it.  (*See generally id.*).  On April 12, 2019, Defendants

filed a Motion To Dismiss.  (Dkt. No. 52).  Plaintiff filed an Opposition on May 3, 2019.  (Dkt.

No. 56).  Defendants filed a Reply on May 31, 2019.  (Dkt. No. 58).  On March 27, 2020, the

Court issued an Opinion & Order which granted the Motion To Dismiss in part and denied it in

part.  ("Opinion & Order" (Dkt. No. 60).)  In the Opinion & Order, the Court allowed Plaintiff's

Fourteenth Amendment claim regarding his status as a sex offender and First Amendment claim

regarding the imposition of sanctions besides the revocation of good time credits by Annucci to

move forward.  (Opinion & Order at 36.)  The Court dismissed Plaintiff's Fifth Amendment

claims with prejudice.  (*Id.*)  The Court dismissed certain of Plaintiff's First, Eighth, and

Fourteenth Amendment claims under *Heck v. Humphrey*, 512 U.S. 477 (1994) without prejudice

to allow for the reinstitution of these claims in the event that Plaintiff's conviction or

incarceration is invalidated by "executive order, . . . a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus."

(*Id.*); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (collecting cases).  In addition,

Plaintiff's Eighth Amendment claim regarding other sanctions imposed by Annucci and

Fourteenth Amendment claim regarding procedural defects, such as notice, that would not

necessarily invalidate the revocation of his good time credits were dismissed without prejudice.

(Opinion & Order at 36–37.)  Plaintiff was given the opportunity to file a third amended

complaint within 30 days to include additional facts with respect to his Eighth and Fourteenth

Amendment claims, and to address the deficiencies identified in the Opinion & Order.  (Opinion

& Order at 4.)  Plaintiff has not filed an amended complaint.  Instead, on June 16, 2020, Plaintiff

filed a Motion for Reconsideration of the March 2020 Opinion & Order (the "Motion") which is

now before this Court.  (*See* Dkt. No. 75).  For the following reasons, Plaintiff's Motion is

denied.

## I.  Discussion

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and

Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the

practice of a losing party examining a decision and then plugging the gaps of a lost motion with

additional matters."  *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404

(S.D.N.Y. 2013) (citation and quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014).

The standard for such motions is "strict" and "should not be granted where the moving party

seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543,

2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules

permitting motions for reconsideration must be narrowly construed and strictly applied so as to

avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation and

quotation marks omitted)).  A movant may not "rely upon facts, issues, or arguments that were

previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d

522, 523 (S.D.N.Y. 2014) (citation omitted).  Nor is a motion for reconsideration "the proper

avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F.

Supp. 2d 519, 521 (S.D.N.Y. 2000).  "Rather, to be entitled to reconsideration, a movant must

demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put

before it on the underlying motion, which, had they been considered might reasonably have

altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405

(citation and quotation marks omitted); *Shrader*, 70 F.3d at 257 (same).  In other words, "[a]

motion for reconsideration should be granted only when the [movant] identifies an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425,

at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL

Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523.

Here, Plaintiff has identified no intervening change of controlling law, availability of new

evidence, or need to correct a clear error.  *See Alvarez*, 2017 WL 6033425, at *2.  Instead,

Plaintiff reiterates the same arguments that were expressly considered and rejected in the Court's

Opinion & Order.  (*See generally*, Pl.'s Mem. in Opp'n to Defs.' Mot. (Dkt. No. 56).)  Because

Plaintiff "seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, pointing to

no issue that the Court did not expressly consider and no case law or fact that the Court

overlooked, the Motion is denied.  *See Cyrus v. City of New York*, 450 F. App'x 24, 26 (2d Cir.

2011) (affirming denial of motion for reconsideration where the plaintiff "fail[ed] to point to any

case law or other relevant information that the district court overlooked," and his arguments

merely "amount[ed] to a disagreement with the district court's conclusions with respect to the

case law that was already before it"); *Bryant v. AB Droit Audiovisuels*, No. 07-CV-6395, 2017

WL 2954764, at *2 (S.D.N.Y. July 11, 2017) ("[A] party's disagreement with a [c]ourt's

decision is simply not a basis for reconsideration."); *Women's Integrated Network, Inc. v. U.S.*

*Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *1 (S.D.N.Y. Apr. 4, 2011) ("The

Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration."),

*aff'd*, 495 F. App'x 129 (2d Cir. 2012); *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No.

03-CV-5429, 2008 WL 4525400, at *4 (S.D.N.Y. Oct. 6, 2008) ("Because [the] [p]laintiff[]

present[s] no new factual information or law that requires a different outcome in the underlying

motion, reconsideration is inappropriate." (citation omitted)); *Davidson v. Scully*, 172 F. Supp.

2d 458, 464 (S.D.N.Y. 2001) ("Although plaintiff might see this motion as a way to vent his

frustration and point out where he believes the Court erred in its reasoning, that is not the

purpose of a Rule 59(e) motion for reconsideration.").

Plaintiff's argument that the Court failed to consider a possible future Article 10

proceeding does not warrant reconsideration.  The Supreme Court explained that constitutional

standing requires plaintiff to establish at minimum three elements: (1) Plaintiff suffered an

"injury in fact," which means an "invasion of a legally protected interest" with "a causal

connection between the injury and [Defendants'] conduct complained of" and "a likelihood that

the 'injury will be redressed by a favorable decision." *Fulton v. Goord*, 591 F.3d 37, 41 (2d Cir.

2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  The injury-in-fact

must be "actual or imminent, not conjectural or hypothetical."  *Baur v. Veneman*, 352 F.3d 625,

632 (2d Cir. 2003)  Now, Plaintiff's allegations that he might at some unidentified time in the

future be subjected to a civil commitment hearing under Article 10 of the New York Hygiene

Law is insufficient to establish a "sufficiently imminent" injury.  *See Susan B. Anthony List v.

Driehaus*, 573 U.S. 149, 158-159 (2014).  Plaintiff's assertions are entirely hypothetical and

thus, he does not have standing which leaves the Court with nothing to reconsider.

Finally, Plaintiff requests that the Office of the Attorney General (the "Office") be

recused or disqualified from representing Defendants in this Action.  (Pl.'s Mot. at 8.)  This

Court has previously considered and denied the same request by Plaintiff in 2017.  (Dkt. Nos. 24,

26).  To the extent that Plaintiff seeks reconsideration of that order, the request is untimely given

that over three years have passed since Plaintiff's initial request.  *See* S.D.N.Y. Local R. 6.3

(fourteen-day deadline to file a motion for reconsideration).  Thus, Plaintiff's attempt to

disqualify or recuse the Office from representing Defendants is meritless and is denied.

## II.  Conclusion

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is denied. The Clerk

of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed on

the docket.

SO ORDERED.

DATED:      January 29, 2021
            White Plains, New York

_

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE